**Ndikumana Hamala MAGASSA, Petitioner,**

v.

**U.S. DEPARTMENT OF JUSTICE, Board of Immigration Appeals, Respondents.**

No. 07–0176–ag.

United States Court of Appeals, Second Circuit.

July 11, 2007.

Barry R. Goldberg, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Michelle Gorden Latour, Assistant Director, R. Alexander Goring, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. JON O. NEWMAN, Hon. ROBERT D. SACK, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioner Ndikumana Hamala Magassa, purportedly a native and citizen of Burundi, seeks review of a December 18, 2006 order of the BIA affirming the June 21, 2005 decision of Immigration Judge ("IJ") Noel Anne Ferris denying Magassa's applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ndikumana Hamala Magassa,* No. A 95 150 171 (B.I.A. Dec. 18, 2006), *aff'g* No. A 95 150 171 (Immig. Ct. N.Y. City, June 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, see 8 C.F.R. § 1003.1(e)(4), this Court reviews the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 59 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's

reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

Here, substantial evidence supports the IJ's adverse credibility finding. First, the IJ accurately noted an internal inconsistency between Magassa's repeated testimony on direct examination that his father was taken from his home and killed in June 1998, and his later testimony under questioning from the IJ that his father was abducted in January 1998. Similarly, the IJ accurately noted that Magassa testified that he left Burundi in September 1998, but that he stated in his written application that he left Burundi in September 1999. The IJ reasonably declined to credit Magassa's explanations—that he thought he had earlier said his father was abducted in January, and that he did not recall stating he left Burundi in 1999. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005). These inconsistencies were each material to Magassa's asylum claim, and the IJ properly relied on their cumulative impact in rendering her adverse credibility finding. *See Liang Chen v. U.S. Att'y Gen.,* 454 F.3d 103, 106–107 (2d Cir. 2006).

In addition, the IJ reasonably declined to give any weight to Magassa's identity documents. The IJ noted that Magassa had submitted only photocopies of his identification card and birth certificate, and that the person pictured on the identification card was unidentifiable due to the poor quality of the photograph. Moreover, the identification card indicated that Magassa was a student, when he testified that he was a fisherman and that he had attended only two years of school. Further, although the IJ informed Magassa of the importance of establishing his identity and warned him that she would reject an affidavit from his purported cousin if the cousin did not appear to testify on his behalf

regarding his identity, Magassa failed to produce his cousin or a statement from him indicating that he was unavailable. Under these circumstances, the IJ appropriately relied in part on the absence of significant corroboration of Magassa's identity to support her adverse credibility finding. *See id.,* 454 F.3d at 107.

In sum, substantial evidence in the record, considered in the aggregate, supports the IJ's adverse credibility finding and her resulting determination that Magassa failed to establish his eligibility for asylum. The IJ reasonably determined that Magassa was not a credible witness in light of the inconsistencies noted and the manner in which his testimony "hung together" with other evidence. *See Liang Chen,* 454 F.3d at 106–107. The IJ's reasoning was not flawless, but remand is not required in this case when it can be confidently predicted that the agency would adhere to the same decision upon remand after correcting for any flaws. *See Xiao Ji Chen v. U.S. Dep't Of Justice,* 471 F.3d 315, 339–40 (2d Cir.2006).

Because the only evidence of a future threat to Magassa's life or freedom or a likelihood of torture depended upon his credibility, the IJ's adverse credibility determination in this case necessarily precludes success on Magassa's claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006). We therefore need not reach the IJ's finding that Magassa could have derived legal status in Senegal through his marriage to a Senegalese woman.

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request

for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).